**CITY NATIONAL BANK OF AUSTIN,**
Petitioner,

v.

**J. M. FALKNER et al., Respondents.**

No. B–994.

Supreme Court of Texas.

Oct. 2, 1968.

Sneed, Vine, Wilkerson & Selman, Robert C. Sneed and Louis Scott Wilkerson, Austin, for petitioner.

Crawford Martin, Atty. Gen., C. Fielding Early, Asst. Atty. Gen., McGinnis, Lochridge, Kilgore, Byfield, Hunter & Wilson, Joe M. Kilgore, James W. Wilson and Shannon H. Ratliff, Austin, for respondents.

PER CURIAM.

Suit was by City National Bank of Austin for a declaratory judgment that Texas State Bank could not move its domicile and banking house from one location in Austin to another location in the same city without approval of the State Banking Board, and for injunctive relief. The trial court entered summary judgment that plaintiff take nothing. The court of civil appeals affirmed. 428 S.W.2d 429.

By legislative act, passed in 1967, Article 14 was added to the Texas Banking Code. See Acts, 60th Legislature, chapter 673, p. 1772. The Act contains the following provisions:

> "No state bank shall hereafter change its domicile without first having received approval for such change from the State Banking Board in the manner provided for the approval of an original application for a charter.

> "Sec. 3. This Act shall have no application to any change of domicile of a state bank for which an application for approval of such change was filed with the Federal Deposit Insurance Corporation prior to April 6, 1967."

In the course of its opinion, the court of civil appeals held Section 3 invalid because no notice of the provision was given in the caption of the bill, and then held the other quoted provision invalid because of the invalidity of Section 3. We do not agree with these holdings.

The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.